UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MJ 0546

| UNITED STATES OF AMERICA, | ) | Magistrate Docket No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT FOR VIOLATION OF: |
| | ) | |
| v. | ) | Title 8, U.S.C., Section 1326 |
| | ) | Deported Alien Found in the |
| Eliodoro ZAPATA-Herrera | ) | United States |
| | ) | |
| Defendant | ) | |

The undersigned complainant, being duly sworn, states:

On or about **February 23, 2008** within the Southern District of California, defendant, **Eliodoro ZAPATA-Herrera**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Ismael Canto
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **25th DAY** OF **February 2008.**

Nita L. Stormes
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Eliodoro ZAPATA-Herrera

*SCF*

## PROBABLE CAUSE STATEMENT

On February 23, 2008, at approximately 10:35 AM, Border Patrol Agents, K. Charlemagne, J. Ramirez and B. Martin were conducting transit inspection operations at the Oceanside Transit Center in Oceanside, California. A subject later identified as the defendant **Eliodoro ZAPATA-Herrera** was encountered on the train platform awaiting a northbound train. Agent Charlemagne approached the defendant, identified himself as a United States Border Patrol Agent and questioned him as to his citizenship. The defendant stated that he was a citizen of the United States and that he was born in San Diego, California. During questioning, the defendant could not stand still and his voice began shaking. The defendant also had a strong accent and was unable to answer basic biographical questions which would substantiate his claim to have spent his life in the United States. Records checks were conducted. These checks yielded positive results revealing that the defendant had an extensive immigration record which included several deportations and exclusions. At 10:45 AM, the defendant was placed under arrest and transported to the San Clemente Border Patrol Station in San Clemente, California for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **August 27, 2007** through **Florence Arizona**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.