**ELIZABETH M. BARROS**
California State Bar No. 227629
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Mr. Zapata-Herrera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE NITA L. STORMES)

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                              )<br>            Plaintiff,                              )<br>                                                              )<br>v.                                                         )<br>                                                              )<br>ELIODORO ZAPATA-HERRERA,  )<br>                                                              )<br>            Defendant.                         )<br>                                                              )<br>                                                              )<br>_____) | Case No. 08MJ0546-NLS<br><br>DATE: April 24, 2008<br>TIME: 9:30 a.m.<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY AND DISMISS COMPLAINT FOR VIOLATIONS OF 18 U.S.C. §§ 3060, 3161, AND 4247. |

**I.**

**STATEMENT OF FACTS**

On February 23, 2008, Mr. Zapata-Herrera was arrested. On February 25, 2008, a complaint was filed charging him with violation of 8 U.S.C. § 1326. Mr. Zapata-Herrera was arraigned in this Court that same day. No bond was set. A preliminary hearing and status conference was set for March 3, 2008. On March 3, 2008, Mr. Zapata-Herrera again appeared before this Court. At that time and upon the government's motion, this Court ordered Mr. Zapata-Herrera to be evaluated for competency pursuant to 18 U.S.C. §§ 4241, 4247. The competency hearing was set for April 3, 2008. However, the government failed to contact the psychologist who was ordered to conduct the competency examination, and thus, no examination was conducted prior to the hearing set for April 3, 2008. On April 3, 2008, this Court reset the competency hearing for May 5, 2008 and excluded time under 18 U.S.C. § 3161(h)(1)(A). Defense counsel objected to the continuance. No preliminary examination was ever held and to date, no indictment has been issued.

## II.

## THE COURT SHOULD DISMISS THE COMPLAINT AND ORDER MR. ZAPATA RELEASED FROM CUSTODY UNDER §§ 3060(d), 3161, AND 4247

Pursuant to 18 U.S.C. § 3060, a preliminary examination "<u>shall</u> be held within a reasonable time following initial appearance, <u>but in any event not later than</u>- (1) the tenth day following the date of the initial appearance of the arrested person before such officer if the arrested person is held in custody . . ." 18 U.S.C. § 3060(b) (emphasis added). "[A]n arrested person who has not been accorded the preliminary examination required by subsection(a) within the period of time fixed by the judge or magistrate judge in compliance with subsections (b) and (c), <u>shall</u> be discharged from custody. . ." 18 U.S.C. § 3060(d); <u>United States v. Taylor</u>, 465 F.2d 1199, 1200 (10th Cir. 1972) ("Indeed, the penalty for a failure to hold a preliminary examination within the time provided by the statute is spelled out in the statute itself, namely, 18 U.S.C. § 3060(d), which provides that an arrested person who has not been afforded a preliminary examination within the time limits therein specified 'shall be discharged from custody. . . .'").

Furthermore, 18 U.S.C. § 3161(b) of the Speedy Trial Act requires that an "information or indictment charging a defendant with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." Section 3161(h) provides that certain periods of time shall be excluded in computing time within which an information or indictment must be filed. However, Section 3161(h) does not extend the time within which a preliminary examination must be held pursuant to 18 U.S.C. § 3060(b).

Mr. Zapata-Herrera has been in custody for almost two months without ever having a preliminary hearing or an indictment being filed against him. Mr. Zapata-Herrera does not believe that time was properly excluded under the Speedy Trial Act. Although § 3161(h)(1)(A) allows for delays resulting from any examination to determine the mental competency or physical capacity of the defendant to be excluded 18 U.S.C. § 4247 only allows the court to commit a defendant for thirty days for the purposes of such an examination. 18 U.S.C. § 4247(b) ("For purposes of an examination pursuant to an order under section 4241, 4244, or 4245, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days. . . ."). Here, the statutory time frame for conducting a competency hearing under 18 U.S.C. § 4247(b) was violated. Moreover, the delay was not the result of an examination to determine the mental

1 competency or physical capacity of Mr. Zapata-Herrera, but rather, due to the government's failure to advise
2 the psychologist that she was ordered to conduct an examination.  Therefore, time should not have been
3 excluded under the Speed Trial Act, and the complaint must be dismissed and Mr. Zapata-Herrera released
4 custody.

5     In addition to the wrongful exclusion of time under § 3161 and violation of the time limit under
6 § 4247, the failure to conduct a preliminary hearing within the time permitted under 18 U.S.C. § 3060(d) also
7 requires Mr. Zapata-Herrera's immediate release from custody.  The requirements of § 3060 are mandatory:
8 where a defendant is in custody, a preliminary hearing must be held within ten days.  This ten-day rule is
9 separate and apart from the requirements of the Speedy Trial Act, 18 U.S.C. § 3161, *et. seq.,* which require
10 that an information or indictment be filed within 30 days from the date of arrest.  Therefore, pursuant to
11 18 U.S.C. § 3060(d), this Court must discharge him from custody.

### III.
### CONCLUSION

14     Mr. Zapata-Herrera respectfully requests that this Court dismiss the complaint and order him
15 released from custody forthwith.

17 DATED:        April 21, 2008                                  Respectfully Submitted,

 /s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Zapata-Herrera