KAREN P. HEWITT
United States Attorney
CAROLINE P. HAN
Assistant U.S. Attorney
California State Bar No. 250301
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Phone: (619) 557-5220
Fax: (619) 235-2757
E-mail: caroline.han@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES MAGISTRATE COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. 08MJ0546-NLS |
| Plaintiff, | **RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS:** |
| v. | **(1) TO RELEASE DEFENDANT FROM CUSTODY** |
| ELIODORO ZAPATA-HERRERA, | **(2) TO DISMISS THE CRIMINAL COMPLAINT** |
| Defendant. | Date: April 24, 2008<br>Time: 9:30 a.m.<br>Court: The Hon. Nita L. Stormes |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, United States Attorney, Karen P. Hewitt, and Assistant U.S. Attorney Caroline P. Han, and hereby files its Response and Opposition to Defendant's Motions to Release Defendant from Custody and to Dismiss the Criminal Complaint. This Response and Opposition is based upon the files and records of this case, together with the attached Statement of Fact and Memorandum of Points and Authorities.

//
//
//
//
//

Magistrate Case No. 08MJ0546-NLS

**I**

**STATEMENT OF FACTS**

**A.    Defendant's Arrest**

On February 23, 2008 at approximately 10:45 am, United States Border Patrol Agent Kercy Charlemagne was performing transit inspection operations at the Oceanside Transit Center when he approached the defendant who was standing on the train platform. Agent Charlemagne identified himself as a US Border Patrol Agent, and asked the defendant about his citizenship. The defendant stated that he was a United States citizen, and that he had been born in San Diego. Agent Charlemagne continued asking basic biographical questions of the defendant, and observed that the defendant could not answer them. In addition, the defendant's voice was shaky. Record checks resulted in a positive match for a person with the defendant's name and date of birth who had several deportations and exclusions. The defendant was then placed under arrest, and transported to the San Clemente Border Patrol Station in San Clemente, California for processing. At the station, the defendant was fingerprinted and his information was entered into immigration databases, all of which confirmed the defendant's identity as a Mexican citizen who had been previously deported from the United States and who had not applied for permission from the Attorney General or the Secretary of the Department of Homeland Security to return to the United States after being removed.

**B.    Defendant's Initial Appearance**

The defendant's initial appearance occurred on February 25, 2008. At that hearing, the United States represented to the Court that the defendant had been previously prosecuted by the United States and had been found incompetent to stand trial. As a result, the Government had moved to dismiss the indictment in the defendant's prior case. As to the instant case, the Government made a motion pursuant to 18 U.S.C. § 4241 to have the defendant evaluated to determine the defendant's mental competency. Defendant's counsel, Federal Defenders of San Diego as represented by Jason Ser, opposed the Government's motion at that time. The Court did not rule on the motion at that time, and set a preliminary hearing for March 4, 2008, as well as a status for the Government's motion.

**C.     Subsequent Appearances**

On March 4, 2008, the Court granted the Government's motion to have the defendant evaluated to determine his mental competency. The Court further designated Dr. Judith Meyers to evaluate the defendant. Defendant's counsel of record, Elizabeth Barros, did not oppose the Government's motion. A competency hearing was then set for April 3, 2008. There was a miscommunication between the assigned Assistant U.S. Attorney, Jeffrey Moore, and defense counsel in that they both believed that the other person would contact Dr. Meyers to set up the evaluation. As a result, neither defense counsel nor the assigned Assistant U.S. Attorney contacted Dr. Meyers regarding the schedule that the Court had set for the defendant's evaluation and the defendant was not evaluated. On April 3, 2008, the Court ordered the United States to contact Dr. Meyers by April 8, 2008 regarding the defendant's evaluation, that the evaluation was to be completed by April 21, 2008, and that Dr. Meyers report was due by April 28, 2008. The competency hearing was then scheduled for May 5, 2008. According to the defendant's moving papers, defense counsel objected to the continuation of the competency hearing at the time.

The Government complied with the Court's order and contacted Dr. Meyers. Dr. Meyers went to see the defendant at the Metropolitan Correctional Center (MCC) on April 10, 2008, and the defendant refused to accept Dr. Meyers' visit. Thereafter, Dr. Meyers contacted defense counsel and requested her assistance in setting up the evaluation of the defendant. Dr. Meyers suggested that defense counsel go and see her client regarding the evaluation. Dr. Meyers did not hear back from defense counsel thereafter. After learning from Dr. Meyers that the defendant had refused to see her, the United States informed the court of the defendant's reluctance to meet with Dr. Meyers. The Court then scheduled a status hearing on April 15, 2008 regarding the defendant's competency evaluation.

On April 15, 2008, the Court ordered the defendant to cooperate with Dr. Meyers and defense counsel made an oral motion to dismiss the complaint. The Court continued the case to April 24, 2008 for a hearing on the motion to dismiss the complaint. I contacted Dr. Meyers on April 18, 2008, and she informed me that she was scheduled to visit the defendant at the MCC for the evaluation on April 22, 2008. Today, I spoke with Dr. Meyers and she informed me that the defendant again refused to meet with her.

## II

## **DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY**

The defendant has moved this court to release him from custody pursuant to 18 U.S.C. § 3060(d). The defendant relies on the statute's language which states that "an arrested person who has not been accorded the preliminary examination required by subsection (a) within the period of time fixed by the judge or magistrate judge in compliance with subsections (b) and (c), shall be discharged from custody..." Id. In addition, to the above stated language, 18 U.S.C. § 3060 and the Federal Rules of Criminal Procedure also provide that a magistrate judge can hold a preliminary hearing at a date later than the tenth or twentieth day after the defendant's initial appearance as provided by 18 U.S.C. § 3060 or continue the preliminary hearing one or more times without the defendant's consent "on a showing that extraordinary circumstances exist and justice requires the delay." 18 U.S.C. § 3060(c); F.R.Cr.P. 5.1(d).

There is no dispute that the defendant's preliminary hearing was not held no later than the tenth day following his initial appearance. However, it is clear that the continuance of the preliminary hearing beyond the tenth day after his initial appearance was in compliance with 18 U.S.C. § 3060 in that the Government had made a showing that the defendant had been previously found incompetent to stand trial within the last year, and requested that the Court grant the Government's motion to have the defendant evaluated for his mental competency. In order to grant that motion, the Court had to find that there was "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense." 18 U.S.C. § 4241. Given the showing that the Government made regarding the issue of the defendant's competency, it is clear that extraordinary circumstances existed within the meaning of 18 U.S.C. § 3060 which justified the continuance of the preliminary hearing on March 4, 2008 to a later date. That is, a showing was made that by the Government that the Court found sufficient to order a mental competency evaluation, and to the extent that the issue had not been resolved, extraordinary circumstances existed such that the defendant's preliminary hearing could not be held on March 4, 2008 and justice required that it be continued to a later date.

While there is no Ninth Circuit or Supreme Court precedent specifically on point, a United States District Court has recently addressed similar issues in United States v. Moser, ---F. Supp. 2d---, 2008 WL 873652 (W.D.Okla. 2008). In Moser, the defendant appealed a magistrate court's order denying his motion to dismiss the criminal complaint because of the United States' failure to obtain an indictment or file an information within thirty days and that he had been held in custody for six months without a preliminary hearing being held. Specifically, the defendant contended that the magistrate court's finding that the ordering of the psychiatric examination and mental competency hearing extended the time limits under Federal Criminal Rule of Procedure 5.1 was erroneous because the magistrate court had not made a finding that extraordinary circumstances existed. Id. at 1. The district court found that because 18 U.S.C. § 4241 allows a motion to be made at any time after the commencement of the prosecution which would result in a disruption of the ongoing proceedings, that the statute "necessarily modifies the time limits imposed by Rule 5.1..." Id. At 2. As such, the Court found that it made sense that no preliminary hearing had been held because the defendant's mental competency was outstanding. Id. In this case, as discussed above, because the issue of the defendant's mental competency had not been resolved, a preliminary hearing cannot be held at this time. As such, the defendant's motion should be denied.

### III

### DEFENDANT'S MOTION TO DISMISS THE CRIMINAL COMPLAINT

The defendant has also moved to dismiss the criminal complaint because he believes that the Court's previous exclusions of time under 18 U.S.C. § 3161 were erroneous, thus violating the statute's requirement that an information or indictment be filed within thirty days of the defendant's arrest. That is, the defendant argues that while 18 U.S.C. § 3161 allows for delays resulting from mental competency evaluations, any exclusions beyond thirty days are improper exclusions because 18 U.S.C. § 4247(b) provides that a person can be committed for such an evaluation for a period not to exceed days and that he has been committed for almost two months. As discussed above, the defendant was arrested on February 23, 2008, and made his initial appearance on February 25, 2008. Thereafter, on March 4, 2008, the Court ordered a mental competency examination, and properly excluded the time period until April 3, 2008. As such, only ten days accrued between February 23, 2008 and March 4, 2008.

The competency evaluation was not completed during the initial time period provided by the Court. The defendant has argued that it was the United States' responsibility to contact Dr. Meyers, but as discussed above, the failure to contact Dr. Meyers by AUSA Moore was a miscommunication between the parties. As such, the court's exclusion of time from April 3, 2008 to May 5, 2008 was proper under 18 U.S.C. § 3161(h)(1)(A) as a delay resulting from the mental competency evaluation. Moreover, should the Court find that the Government is at fault for failing to contact Dr. Meyers and that the second continuance should be chargeable against the thirty day time period allowed by 18 U.S.C. §§ 3161 and 3147, the only time period that should be chargeable is the time period between April 3, 2008 and April 10, 2008, the date on which the defendant refused to meet with Dr. Meyers. Any delay that has occurred since April 10, 2008 is the defendant's own doing because he has refused to comply with the Court's orders and cooperate with Dr. Meyers. As such, the defendant has not been committed for more than thirty days as allowed by 18 U.S.C. §§ 3161 and 3147 except to the extent that he himself has caused the delay as discussed above.

Moreover, the United States urges this court to find that the delay resulting from Dr. Meyers not being contacted by either party as well as the delay resulting from the defendant's refusal to meet with Dr. Meyers be excluded under 18 U.S.C. §§ 3161(h)(8)(A) in that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" in light of the above stated facts. 18 U.S.C. §§ 3161(h)(8)(A).

## **CONCLUSION**

For the foregoing reasons, the Government requests that the Court deny Defendant's motions.

DATED: April 22, 2008

                                          Respectfully submitted,

                                          KAREN P. HEWITT
                                          United States Attorney

                                          /s/*Caroline P. Han*
                                          CAROLINE P. HAN
                                          Assistant United States Attorney
                                          Attorneys for Plaintiff
                                          United States of America

UNITED STATES MAGISTRATE COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08MJ0546-NLS |
| Plaintiff, | ) ) | |
| v. | ) ) | CERTIFICATE OF SERVICE |
| ELIODORO ZAPATA-HERRERA, | ) ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, CAROLINE P. HAN, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **RESPONSE AND OPPOSITION** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Elizabeth Barros

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 22, 2008.

/s/*Caroline P. Han*
CAROLINE P. HAN