**ELIZABETH M. BARROS**
California State Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Mr. Zapata-Herrera

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE NITA L. STORMES)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08MJ0546-NLS |
| Plaintiff, ) | DATE: April 24, 2008 |
| ) | TIME: 9:30 a.m. |
| v. ) | |
| ) | DEFENDANT'S REPLY TO THE |
| ELIODORO ZAPATA-HERRERA, ) | GOVERNMENT'S RESPONSE AND |
| ) | OPPOSITION TO THE DEFENDANT'S |
| Defendant. ) | MOTIONS TO RELEASE DEFENDANT FROM |
| ) | CUSTODY AND DISMISS THE COMPLAINT |
| ) | |

**I.**

**THIS COURT SHOULD GRANT MR. ZAPATA'S MOTIONS BECAUSE TIME CANNOT BE EXTENDED UNDER 18 U.S.C. § 3060 DUE TO EXTRAORDINARY CIRCUMSTANCES OR EXCLUDED UNDER 18 U.S.C. § 3161(h)(1)(A) DUE TO DELAY RESULTING FROM PROCEEDINGS TO DETERMINE MR. ZAPATA'S MENTAL COMPETENCY**

As an initial matter, the government's response and opposition mis-cites the procedural history of the case and the reason for the initial delay. Specifically, the government claims that the initial delay was the result of a miscommunication between Assistant United States Attorney Jeff Moore and defense counsel. That is simply untrue. There was no miscommunication. It was the government's motion. It was the government's responsibility to contact the doctor who the government asked to be appointed to conduct the examination. They failed to do so. At the hearing on April 3, 2008, counsel for the government admitted as much.

Despite the government's previous concession that the government was responsible for the delay, the government now asserts that there were extraordinary circumstances for the delay. The government never argued that there were extraordinary circumstances previously and this Court made no such findings. In any

1 event, there are no such extraordinary circumstances. The initial nonexcusable delay was due to government
2 inaction. The government failed to contact the doctor to have the evaluation conducted. That is negligence.
3 Negligence does not amount to extraordinary circumstances.

4       The government cites to <u>United States v. Moser</u>, — F.Supp.2d—, 2008 WL 873652 (W.D.Okla.
5 March 18, 2008), an out-of-circuit district court case for the proposition that a mental competency
6 examination extends the time limits for a preliminary hearing. <u>Response and Opposition to Defendant's
7 Motions</u>, p. 5. However, <u>Moser</u> did not consider a motion under 18 U.S.C. § 3060. In fact, that statute is cited
8 nowhere in the opinion. Thus, <u>Moser</u> has no bearing on Mr. Zapata's claim under 18 U.S.C. § 3060.

9       The main issue in <u>Moser</u> whether the failure to hold a preliminary hearing violated the defendant's
10 due process rights, not his statutory rights. <u>Id.</u> at *1-2. The district court found no due process violation
11 because the defendant was arrested (unlike in this case) pursuant to a valid arrest warrant. <u>Id.</u> Although <u>Moser</u>
12 summarily stated that there was no Speedy Trial Act violation because the time for filing an indictment under
13 § 3161 was tolled because of a mental examination, that issue was not discussed in the opinion and there is
14 no indication that there was any nonexcludable delay due to the government's failure to contact the doctor
15 to have the defendant evaluated or failure to transport the defendant. <u>Id.</u> at *1.

16       Just yesterday, the Ninth Circuit held that where a panel fails to discuss the record before, and thus,
17 prevents subsequent panels from being able to ascertain its analysis, the case is not binding. <u>Penuliar v.
18 Mukasey</u>, — F.3d —, 2008 WL 1792649, *7 (9th Cir. April 22, 2008) ("*Arteaga* did not describe the record
19 before it concerning the conviction or explain what in the record of conviction indicated that the offense of
20 conviction was a generic theft offense. *Arteaga* is therefore not precedent . . . Legal rulings in a prior opinion
21 are applicable to future cases only to the degree one can ascertain from the opinion itself the reach of the
22 ruling."). <u>Moser</u>, which was district court case, is clearly not binding, however its failure to discuss the record
23 before it with respect to the potential Speedy Trial Act violation renders the opinion less than persuasive.

24       In any event, <u>Moser</u> did not hold that time which is excludable under § 3161 is also excludable under
25 § 3060. If this Court finds that the time limits under 18 U.S.C. § 4247 do not limit the amount of time that
26 is excludable under § 3161, this Court should apply that same rationale and hold that excludable time under
27 § 3161 does not apply to § 3060.
28 //

1      However, even if this Court were to find that time which is excludable under § 3161 is also
2 excludable under § 3060, <u>Moser</u> did not involve a claim that time was not excludable under § 3161(h)(1)(A)
3 as a delay resulting from any proceedings to determine the mental competency of the defendant. Rather,
4 <u>Moser</u> operated under the assumption that the delay was for that purpose.

5      A long line of both district court and circuit court cases, none of which are discussed in <u>Moser</u>, have
6 found delays due to government inaction to be nonexcludable under § 3161. For example, in <u>United States</u>
7 <u>v. Bauer</u>, 286 F.Supp.2d 31 (D.D.C. 2003), the defendant was charged with threatening to the kill the
8 President. <u>Id.</u> at 32. The judge ordered that the defendant be evaluated to determine his competency. <u>Id.</u> The
9 first doctor who examined the defendant found that he was incompetent and should be transferred to a mental
10 hospital for evaluation and treatment. <u>Id.</u> at 33. After reviewing the initial report, the judge ordered t hat the
11 defendant be committed to the custody fo the Attorney General under § 4241 for a second evaluation. <u>Id.</u> The
12 order directed that report be filed and set a future date for a hearing. <u>Id.</u> At the hearing date, the court learned
13 for the first time that the defendant had not been transferred to a facility for the examination and instead
14 remained at the jail. <u>Id.</u> The court later learned that the "order was never delivered to the United States
15 Marshal Service who was, therefore unaware of its obligation to transfer the defendant to a 'suitable facility'
16 for the evaluation. <u>Id.</u> The government claimed that time was excludable under § 3161(4), or alternatively,
17 under § 3161(h)(1)(A). The district court rejected the government's contentions and granted the defendant's
18 oral motion to dismiss. <u>Id.</u> at 35.

19      Specifically, with respect to the government's claim that time was excludable under § 3161(h)(1)(A),
20 the district court noted that the Oxford English Dictionary defines the word "proceeding" as "[t]he institution
21 or carrying on of an action at law; a legal action or process; any act done by authority of a court of law; any
22 step taken in a cause by either party." <u>Id.</u> at 34. Similarly, the noun "proceeding" is "[t]he action of the verb
23 PROCEED." <u>Id.</u> Thus, the district court emphasized that the word connotes action and movement, and thus,
24 it was impossible for the word "proceeding" to describe a circumstance where nothing happened. <u>Id.</u>
25 Specifically, the court held – "Defendant's sitting in a jail cell waiting to be transporting cannot possibly be
26 described as a proceeding, and therefore, invoke this exclusion. <u>Id.</u>

27      Similarly, in <u>United States v. Castle</u>, 906 F.2d 134 (5th Cir. 1990), the Fifth Circuit refused to exclude
28 time beyond ten days for travel to an institution or hospital for a mental evaluation, despite the government's

1  claim that it was diligent and that the additional delay could not have been avoided due to budgetary
2  constraints preventing the defendant from being transported at an earlier date.  The Fifth Circuit rejected the
3  government's argued:

> [T]he Marshal's office did not even call to find out where Castle should be sent until the twelfth day after the order. **This seems to have been ordinary negligence, and not any sort of excusable neglect.**

Id. at 137.  The court further noted: "The Marshal's Service will always face budgetary constraints, and this delay is but a symptom of that general problem. While accepting that the Marshal's Service has budgetary constraints imposed by Congress, prisoners have Speedy Trial Rights also granted by Congress." Id. at 137. Finally, the court rejected the government's that the presumption of unreasonableness could be rebutted by a showing of diligent effort. Id. at 137.  Thus, despite what the Fifth Circuit noted that a brief and inadvertent delay, the court ordered that the indictment be dismissed. Id. at 138.

The district court's holding in Bauer is consistent with a number of circuit court cases, as well as other district court cases holding that delays due to the government's failure to transport a defendant to see a doctor who can conduct the examination is nonexcludable under the Speedy Trial Act. See United States v. Noone, 913 F.2d 20 (1st Cir. 1990) (holding that 30 days of the 40 day delay in transporting defendant to facility for mental examination was nonexcludable time under the Speedy Trial Act); United States v. Taylor, 821 F.2d 1377, 1384 (9th Cir.1987), rev'd on other grounds, 487 U.S. 326, (1988) ("[D]elays [in transportation] to accommodate the [government], in its desire to effect economical transportation of prisoners in larger groups, are not excludable under the Act."); United States v. Lewis, 484 F.Supp. 2d 380 (W.D.Pa. 2007) ("[T]he holding in Noone is consistent with the guidelines to the Speedy Trial Act which expressly recognize that § 3161(h)(1)(H) may serve to reduce the amount of excludable time that would otherwise be available under § 3161(h)(1)(A)."); United States v. Williamson, 409 F.Supp.2d 1105, 1106-07 (N.D.Iowa 2006) (following Noone and holding that the additional 6 days which the government had taken to transport the defendant to the location of his mental competency evaluation, beyond that which is permitted under § 3161(h)(1)(H), was nonexcludable time); United States v. Jervey, 630 F.Supp. 695, 697 (S.D.N.Y. 1986) ("[O]rdinary institutionalized delay is not an excuse. When this Act was passed Congress knew all about the customs and practices of the prison bus.").  These cases establish that the initial 30 day delay due to the government's failure to contact the doctor to inform her of her obligation to conduct a mental examination

does not qualify as a delay resulting from a proceeding to determine Mr. Zapata's mental competency and was not properly excluded under § 3161.

## II.

## **CONCLUSION**

The failure to hold a preliminary hearing within 10 days, as required by § 3060, and the failure to obtain an indictment within 30 days, as required by § 3161 require that the complaint be dismissed and Mr. Zapata released from custody.

DATED:      April 23, 2008                                          Respectfully Submitted,

   /s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for the Mr. Zapata-Herrera